IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| BERNIECE WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>FRANKLIN COUNTY CORONER, et al.,<br><br>        Defendants. | CIVIL ACTION<br><br>No. 08-2665-CM |

**MEMORANDUM AND ORDER**

The *pro se* plaintiff in this case, Berniece Williams ("plaintiff"), brings this action against the Franklin County, Ohio Coroner and the coroner's staff ("defendants"). The court granted plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). On February 19, 2009, Magistrate Judge O'Hara ordered plaintiff to show cause why her case should not be dismissed for lack of personal jurisdiction and improper venue. In her response, plaintiff does not dispute that this court lacks personal jurisdiction and is not the proper venue, but she requests that the court transfer her case.[1] For the reasons set forth in Judge O'Hara's order to show cause, the court finds that it lacks personal jurisdiction over defendants and that venue is improper in this court. As explained below, plaintiff's request to transfer this case is denied.

Plaintiff requests that her case be transferred to Columbus, Ohio or Washington, D.C.— plaintiff believes, incorrectly, that personal jurisdiction and venue may be proper in Washington, D.C. because it is the "location of the justice headquarters for the whole Justice System." Plaintiff requests

---

[1] Plaintiff's response also addresses issues relating to four other cases she filed in the District of Kansas. The court has read the response in its entirety, but considers only those portions of the response addressing the issues in this case.

-1-

that the court transfer her case to the U.S. District Court in Columbus, Ohio[2] because she is "terrified and scared for those incarcerated" and does not want to go to Ohio to file legal actions. She also alleges that she attempted to file a case there and was turned away from the court and that she left a copy of her complaint with the clerk's office, but it was not filed.

"A court may sua sponte cure jurisdictional and venue defects by transferring a suit under 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." *Jones v. Rowley*, No. 08-3207-SAC, 2008 WL 4329984, at *2 (D. Kan. 2008). The decision whether to transfer a case is within the court's discretion. *See Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006) (holding whether to transfer under §§ 1406(a) and 1631 instead of dismissing without prejudice is a matter of discretion). The facts and circumstances of this case indicate that a transfer would not serve the interests of justice.

Plaintiff alleges defendants violated her son Cecil's civil rights by holding him in custody and torturing him for seventeen days while he was alive and holding his body for an additional twenty-six days after his death. She also alleges that defendants are affiliated with the Columbus, Ohio police, who falsely arrested, charged, and indicted Cecil's brothers. Plaintiff's claims are unclear. She appears to allege a claim based on the emotional, physical, and mental anguish that these events caused her. She alleges that the court has federal question jurisdiction under 28 U.S.C. § 1343—civil or equal rights[3]—and diversity jurisdiction.

---

[2] Although not specified, the court presumes plaintiff is referring to the United States District Court for the Southern District of Ohio, Eastern Division, which sits in Columbus, Ohio.

[3] Plaintiff also mentions 42 U.S.C. §§ 1997 and 14141 and 18 U.S.C. §§ 241–242. But plaintiff cannot assert–or has not asserted–a cause of action under these statutes.

Plaintiff cannot assert a civil rights action on behalf of her son.[4]  "A civil rights action 'must be based on the violation of plaintiff's personal rights, and not the rights of someone else.'" *Kelly v. Rockefeller*, 69 F. App'x 414, 416 (10th Cir. 2003) (citing *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)).  Plaintiff has not alleged that defendants violated her civil rights.  She may have a state law claim for wrongful death or some other state law claim arising from the death of her son, but "[t]he federal civil rights laws do not impose liability 'for violations of duties of care arising out of tort law.'" *Archuleta*, 897 F.2d at 496.  Plaintiff's complaint does not assert a valid federal-law cause of action.  Because it is unclear what, if any, state law claims plaintiff is asserting, the court does not find that justice is furthered by transferring plaintiff's case.  The appropriate course of action is for plaintiff to assert proper federal or state law claims in either a federal or state court in Ohio.[5]

**IT IS THEREFORE ORDERED** that plaintiff's request to transfer this case to the United States District Court for the Southern District of Ohio, Eastern Division is denied.  This action is dismissed without prejudice.

Dated this 12th day of March 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

[4] It is possible that plaintiff may be able to assert a civil rights claim on behalf of her son's estate if the law of the forum state creates a right of survival.  *Carter v. City of Emporia*, 543 F. Supp. 354, 356 (Kan. 1982) (recognizing that 42 U.S.C. §§ 1981 and 1983 claims may survive for the benefit of the state depending on the state law).  However, she does not assert a claim on behalf of her son's estate in this case.

[5] In her response, plaintiff implies that a trip to Ohio to file a new case would be financially difficult; however, if necessary, she may file her case by mail.